FORM EDC850ap Bankruptcy Appeal Transmittal Form  (v.5.13)

10–02015 – D – 0

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

**Robert T Matsui United States Courthouse**
**501 I Street, Suite 3–200**
**Sacramento, CA 95814**

(916) 930–4400
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM



## BANKRUPTY APPEAL TRANSMITTAL FORM

| | |
|---|---|
| In re<br><br>SK Foods, L.P.<br><br><div align="right">Debtor(s).</div> | CAED Case # 2:13-cv-1326 KJM<br><br>**Bankruptcy Case No.**<br><br>09–29162 – D – 11 |
| Bradley D. Sharp<br>et al.<br><br><div align="right">Plaintiff(s),</div><br>v.<br><br>Scott Salyer<br>et al.<br><br><div align="right">Defendant(s).</div> | **Adversary Proceeding No.**<br><br>10–02015 – D<br><br>**DCN:**   TJD–3 |

TO:   U.S. District Court
501 I Street, Suite 4–200, Sacramento, California 95814 ((916) 930–4000).

FROM:   U.S. Bankruptcy Court
Eastern District of California District Office No. 0972

# FILED

**Jul 02, 2013**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Bankruptcy Judge (who signed the order):  Robert S. Bardwil

Date Notice of Appeal Filed:  7/1/13

Date of Entry of Order Appealed From:  6/17/13

Date Bankruptcy Case Filed:  5/7/09

Date Notice of Appeal and Notice of Referral of Appeal Mailed to Parties:  7/2/13

Filing Fee Paid?  Yes

Dated:
7/2/13

For the Court,
Wayne Blackwelder , Clerk

FORM EDC3071 Certificate of Notice  (v.5.13)

10–02015 – D – 0

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

**Robert T Matsui United States Courthouse**
**501 I Street, Suite 3–200**
**Sacramento, CA 95814**

(916) 930–4400
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM



## CERTIFICATE OF NOTICE

| In re<br><br>SK Foods, L.P.<br><br><div align="right">Debtor(s).</div> | **Bankruptcy Case No.**<br><br>09–29162 – D – 11 |
|---|---|
| Bradley D. Sharp<br>et al.<br><br><div align="right">Plaintiff(s),</div><br><br>v.<br><br>Scott Salyer<br>et al.<br><br><div align="right">Defendant(s).</div> | **Adversary Proceeding No.**<br><br>10–02015 – D<br><br>**DCN:**   TJD–3 |

The undersigned clerk in the Office of the United States Bankruptcy Court for this district hereby certifies that copies of the Notice of Appeal, Notice of Transfer of Appeal to the U.S. District Court for the Eastern District of California, and Statement of Election were transmitted to BNC for service today to the following parties at their respective addresses as shown in the Court's records.

U.S. Trustee
501 I St #7–500
Sacramento, CA 95814

Kimberly A. Wright
8174 S. Las Vegas Blvd.
Suite 109, #472
Las Vegas NV 89123

Kevin Coleman
One Montgomery Street, Suite 2200
San Francisco, California 94104

Todd J. Dressel
595 Market St., 26th Floor
San Francisco, California 94105

Jamie Dreher
621 Capitol Mall, 18th Floor
Sacramento, California 95814

Dated:
7/2/13

For the Court,
Wayne Blackwelder , Clerk

**3 PAGES**
Kimberly A. Wright, Esq. (SBN 265899)
LAW OFFICE OF KIMBERLY A. WRIGHT, ESQ.
8174 Las Vegas Blvd., #472
Las Vegas, NV  89123
T: (424) 645-0140; F: (424) 645-0745
kaw@kawlawfirm.com

Attorney for Defendants,
Frederick Scott Salyer and the Scott Salyer Revocable Trust

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re: | **Case No.: 09-29162** |
| SK FOODS, L.P., a California limited Partnership, et al., | **Adv. Pro. No. 10-2015** |
| Debtor, | **NOTICE OF APPEAL OF ORDER GRANTING BANK OF MONTREAL'S MOTION FOR SUMMARY JUDGMENT AGAINST FREDERICK SCOTT SALYER AND THE SCOTT SALYER REVOCABLE TRUST** |
| BANK OF MONTREAL, as Administrative Agent, successor for Assignment to Debtors SK Foods, L.P. and RHM Industrial Specialty Foods, Inc., a California corporation, d/b/a Colusa County Canning Co. | |
| Plaintiff, | |
| v. | |
| SALYER, *et al*, | |
| Defendants. | |

NOTICE OF APPEAL -1-

Notice is hereby given that Defendants FREDERICK SCOTT SALYER and THE SCOTT SALYER REVOCABLE TRUST ("Defendants") in the above named case, hereby appeals under 28 U.S.C § 158(a)(1), or, in the alternative, 28 U.S.C § 158(a)(3) and 28 U.S.C § 158(c)(1)(a), from the Order Granting Bank of Montreal's Motion for Summary Judgment entered on June 17, 2013.  A true and correct copy of the Final Judgment entered on June 17, 2013, is attached hereto as Exhibit "A".  A true and correct copy of the Order Granting Bank of Montreal's Motion for Summary Judgment Against Defendants entered on June 5, 2013 is attached hereto as Exhibit "B".

The names of the parties to the Order Granting Bank of Montreal's Motion for Summary Judgment Against Defendants being appealed, and the names, addresses and telephone numbers of their attorneys are listed in the attached appendix.

RESPECTFULLY SUBMITTED,

Dated: July 1, 2013                    By: s/  *Kimberly A. Wright, Esq.*
                                           Kimberly A. Wright, Esq.
                                           Law Office of Kimberly A. Wright, Esq.
                                           Attorney for Defendants

## APPENDIX TO NOTICE OF APPEAL

**Counsel to Plaintiff Bradley D. Sharp, Chapter 11 Trustee**
Kevin Coleman – kcoleman@schnader.com
Michael Carlson – mcarlson@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104
Telephone (415) 364-6700

**Counsel to Creditor's Committee**
Jamie Dreher – jdreher@downeybrand.com
DOWNEY BRAND
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone (916) 444-1000

**Counsel to Bank of Montreal**
Todd J. Dressel – dressel@chapman.com
CHAPMAN & CUTLER LLP
595 Market St., 26th Floor
San Francisco, California 94105
415-278-9088

**2 PAGES**
Kimberly A. Wright, Esq. (SBN 265899)
LAW OFFICE OF KIMBERLY A. WRIGHT, ESQ.
8174 Las Vegas Blvd., #472
Las Vegas, NV  89123
T: (424) 645-0140; F: (424) 645-0745
kaw@kawlawfirm.com

Attorney for Defendants,
Frederick Scott Salyer and the Scott Salyer Revocable Trust

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re: | **Case No.: 09-29162-D-11** |
| SK FOODS, L.P., a California limited Partnership, et al., | **Adv. Pro. No. 10-2015** |
| Debtor, | **DC No. TJD-003** |
| | **STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY THE DISTRICT COURT UNDER 28 U.S.C. SECTION 158(c)(1)** |
| BRADLEY D. SHARP, Chapter 11 Trustee, | |
| Plaintiff, | |
| v. | |
| SALYER, *et al*, | |
| Defendants. | |

ELECTION TO TRANSFER -1-

8

Pursuant to Federal Rule of Bankruptcy Procedure 8001(e), Defendants, FREDERICK SCOTT SALYER and the SCOTT SALYER REVOCABLE TRUST (collectively "Defendants"), in the above named case, elect that Defendants' appeal of the Order Granting Summary Judgment entered on June 17, 2013 by the Honorable Judge Bardwil be heard in the District Court under 28 U.S.C. § 158(c)(1) instead of the Bankruptcy Appellate Panel.

RESPECTFULLY SUBMITTED,

Dated: July 1, 2013                    By: s/ *Kimberly A. Wright, Esq.*
                                       Kimberly A. Wright, Esq.
                                       Law Office of Kimberly A. Wright, Esq.
                                       Attorney for Defendants

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

---

**Case Title :**  SK FOODS                              **Case No :**  09-29162-D-11
                SHARP ET AL V. SALYER ET AL       Adv No:  **10-2015**
                                                      **Date :**  6-5-13
                                                       **Time :**  10:00 A.M.

**Matter :**  [241] CONTINUED MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS FREDERICK SCOTT SALYER AND HE SCOTT SALYER REVOCABLE TRUSTEE **[TJD-3]**

**Judge :**                      **Robert Bardwil**
**Courtroom Deputy :**  **Nancy Williams**
**Reporter :**               **Diamond Reporters**
**Department :**            **D**

---

**APPEARANCES for:**
**Movant(s) :**
       **NONE**
**Respondent(s) :**
       NONE

---

### CIVIL MINUTES

       MOTION GRANTED
    COURT TO ISSUE MINUTE ORDER

Final ruling:

      The court finds that a hearing will not be helpful and is not necessary.  This is the motion for summary judgment of Bank of Montreal ("BMO" or the "plaintiff"), as Administrative Agent and as successor by assignment to Bradley D. Sharp, the chapter 11 trustee (the "trustee") for debtor SK Foods, L.P. ("SK Foods" or the "debtor"), brought pursuant to FED. R. CIV. P. 56, incorporated herein by FED. R. BANKR. P. 7056.  The plaintiff seeks summary judgment against defendants, Frederick Scott Salyer ("Salyer") and the Scott Salyer Revocable Trust ("SSRT") (collectively, the "defendants"), on claims asserting breaches of fiduciary duty.  The court continued the hearing on this motion to May 22, 2013 to allow Kimberly Wright, counsel for the defendants, a final opportunity to properly effectuate her substitution.  The defendants oppose the motion, but because their opposition is untimely, the court will treat this motion as unopposed.

For the reasons stated below, the court will grant the motion and enter judgment on the plaintiff's claims for relief.

### Opposition Has Been Waived

The court will not consider the late-filed opposition filed by the defendants.  After pleading with the court for extensions in various other matters, Ms. Wright has exhausted the patience of the court.  In a recent order, the court highlighted procedural shortcomings in Ms. Wright's attempted substitution in this adversary proceeding, giving Ms. Wright one last opportunity to effect a proper substitution.  <u>See</u> Order, Dckt. 283.  In that order, the court unequivocally stated that the hearing on this motion would be "continued to May 22, 2013, at 10:00 a.m., *opposition to the motions, if any, to be filed and served no later than May 8, 2013 . . . .*"  <u>Id.</u> Ms. Wright's substitution as counsel was approved on April 25, 2013. Notwithstanding the plain terms of the order, however, Ms. Wright tardily filed opposition in this matter on May 14, 2013.  The court, therefore, will not consider the late-filed opposition and will view the motion as unopposed.

The applicable local rule states, in no uncertain terms, that a party will not be heard in opposition if written opposition is not timely filed.  LBR 9014-1(f)(1)(B).  Moreover, the failure of a responding party to timely file written opposition subjects the responding party to the waiver of any opposition.  <u>Id.</u>  Not only has Ms. Wright ignored the deadlines fixed by the aforementioned order, but she has also turned a blind eye to the effect of the local rule for motions noticed under LBR 9014-1(f)(1).

The court has weathered the storm created by Ms. Wright's disregard for the local rules and the chaos and confusion in the docket resulting therefrom.  Not only in this action, but in virtually all other matters in which Ms. Wright has been involved, the court has had to spend an inordinate amount of time just to navigate a docket muddied by her procedurally deficient filings.  Based on the foregoing, opposition to the granting of the motion is deemed waived.

### Authority to Enter Final Judgment

The plaintiff maintains that the court may enter a final judgment in this matter, citing to the Ninth Circuit's decision in <u>Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)</u>, 702 F.3d 553 (9th Cir. 2012).
After examining its jurisdiction and authority over the breach-of-fiduciary-duty claims asserted in this action, the court concludes that the claims asserted in this action are non-core matters, for which it would ordinarily not have the authority to finally determine. Because, however, the defendants failed to timely object to this court's authority and have actively participated in the case for over two years without objecting to this court's authority, the court concludes that the defendants impliedly consented to this court's

authority to adjudicate the claims.

The court has jurisdiction to hear the matter pursuant to 28 U.S.C. § 1334(b). The claims neither arise under title 11 nor arise in a case under title 11. The court, however, has "related to" jurisdiction over the plaintiff's claims because the plaintiff's ultimate success in this lawsuit would have a corresponding, positive effect on the value of the estate being administered in this bankruptcy case. In the Ninth Circuit, the test to determine whether a proceeding is "related to" to a case under title 11 "is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)). Applying this test to the facts at hand, the outcome of the plaintiff's claim for money damages for breach of fiduciary duty could indeed have an effect on the administration of SK Foods, L.P.'s bankruptcy estate, because the plaintiff's success could bring substantial funds into the estate. Therefore, this court has jurisdiction to hear this adversary proceeding under 28 U.S.C. § 1334(b).

Because the court concludes that jurisdiction is based on the "related to" prong of 28 U.S.C. § 1334(b), the claims are non-core. "A bankruptcy judge may hear a non-core proceeding that is otherwise related to a case under Title 11, but there, the bankruptcy judge may make only proposed findings of fact and conclusions of law to the district judge, who reviews all non-core matters de novo." In re Harris, 590 F.3d at 737, construing 28 U.S.C. § 157(c)(1). "[T]he district court, *with the consent of all the parties to the proceeding*, may refer a proceeding related to a case under title 11 to a bankruptcy judge *to hear and determine and to enter appropriate orders and judgments . . . .*" 28 U.S.C. § 157(c)(2) (emphasis added). The Ninth Circuit in Bellingham observed that consent can be accomplished implicitly, where, by conduct, a litigant fails to object to the court's jurisdiction prior to the rendering of a judgment. Bellingham, 702 F.3d at 567.

In this case, the defendants actively pursued other relief, without ever raising the issue of this court's jurisdiction or authority. Salyer asked the court to enter a final order dismissing the plaintiff's claims with prejudice. Dckt. 38. This, in and of itself, is sufficient for a waiver of his right to an article III adjudication. The defendants also consented to the entry of a scheduling order that called for a trial in the bankruptcy court. In addition, earlier in the case, the defendants also challenged a temporary restraining order and preliminary injunction, failing, however, to raise the issue of this court's authority. And, the defendants successfully moved the court for a stay pending the outcome of Salyer's criminal proceedings. Once again, the issue of authority was not raised. Accordingly, under these circumstances, the court finds that the defendants have waived their right to an article-III adjudication and impliedly consented to the authority of this court to

fiduciary duty against Salyer, SSRT, and SK PM Corporation.[1]  As the assignee of the trustee's rights in this action, the plaintiff seeks to recover damages as a result of various breaches of fiduciary duty that Salyer owed to the debtor in his capacity as a director and officer of the debtor, as well as breaches of the SK Foods partnership agreement.

The elements of a cause of action for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) breach of that duty, and (3) damages.  Oasis West Realty, LLC v. Goldman, 51 Cal. 4th. 811, 820-21 (Cal. 2011).  Additionally, under California law, a general partner owes to the limited partnership and the other partners the duties of loyalty and care.  CAL. CORP. CODE § 15904.08.  California law generally tracks the Revised Uniform Limited Partnership Act, which imposes certain duties on Salyer as sole director of SK PM Corporation, including the following:  (1) to account to the limited partnership and hold as trustee for it any property, profit, or benefit derived by the general partner; (2) to refrain from dealing with the limited partnership as or on behalf of a party having an interest adverse to the limited partnership; and (3) to refrain from competing with the limited partnership in the conduct or winding up of the limited partnership's activities.  Id.  Fiduciary duties arise as a matter of law between corporate officers and directors, on the one hand, and the corporation and its shareholders, on the other hand. Bancroft-Whitney Co. v. Glen, 64 Cal. 2d 327, 345 (Cal. 1966).

The following facts are not in dispute:

1.    Salyer was a director and officer of the debtor, and prior to May 5, 2009, Salyer directly or indirectly owned and controlled the debtor.  Salyer was also the sole director and officer of SK PM Corporation, SK Foods's general partner, and directly or indirectly owned and controlled SK PM Corporation.  Moreover, Salyer is the sole beneficiary and controlling agent of SSRT and has admitted that he owed duties of loyalty and care to the debtor.

2.    Salyer has admitted that he breached his fiduciary duties to the debtor.  Notwithstanding Salyer's admissions, in 2005, the federal government began investigating SK Foods, its officers, and others, in connection with a conspiracy to bribe customers of SK Foods and to knowingly sell substandard products to SK Foods's customers using falsified product-quality documentation.  The investigation later expanded to include a conspiracy to fix prices in restraint of trade.

3.    On March 23, 2012, Salyer pled guilty in the United States District Court for the Eastern District of California to charges

---

[1] A default judgment has been entered against SK PM Corporation.  Dckt. 233.

of racketeering, price fixing, and other fraudulent conduct.  His plea was, in effect, an admission that he perpetrated a fraud on the stakeholders of SK Foods.  Ultimately, Salyer's criminal activities propelled SK Foods into bankruptcy.

4.    Salyer also caused SK Foods to transfer money and other assets from SK Foods to entities in which Salyer had an interest whenever an entity he controlled had a need for funds; caused SK Foods to enter into agreements with SSC Farming LLC, SSC Farms I, LLC, and SSC Farms, II LLC, on unfavorable terms; caused SK Foods to transfer at least $2 million to SK Frozen Foods LLC to start a failed frozen foods venture, which was never returned and for which SK Foods did not receive any benefit; caused SK Foods to transfer critical tomato-processing equipment, known as the "drum line," to CSSS, L.P., another entity controlled by Salyer, for no consideration; caused SK Foods to purport to transfer an interest in foreign entities to certain trusts controlled by Salyer.

5.    Salyer also caused SK Foods to make millions of dollars in payments denoted as "prepaid expenses" to other entities he controlled.  For example, Salyer, a licensed pilot, caused SK Foods to make a payment to SKF Aviation to help fund the $1.5 million cost of acquiring an aircraft; caused SK Foods to make $1 million in advance payments to SKF Aviation for future flights; caused SK Foods to transfer $6 million in "prepaid expenses" to SK Farms Services, $9 million to SS Farms, and $1.5 million to SKF Aviation.  Moreover, Salyer created an entity called "Salyer Management Company LLC" as a conduit to pay alimony payments to one of his ex-wives.

6.    Salyer used funds belonging to SK Foods to pay personal expenses so that he would not have to pay them out of his personal assets. For example, between January 2005 and February 2009, Salyer caused SSRT to withdraw not less than $6 million, and SK PM Corporation to withdraw not less than $2.5 million, from SK Foods.  Also, between January 2005 and February 2009, Salyer caused SK Foods to pay his personal tax obligations to the Internal Revenue Service and the California Franchise Tax Board, even though SK Foods had no liability for those tax obligations. In total, these obligations were at least $4 million.

     The undisputed facts show that Salyer was a director and officer of SK Foods, the sole director and officer of SK PM Corporation, and the sole beneficiary and controlling agent of SSRT.  As SK PM Corporation was the general partner of SK Foods, it owed fiduciary duties to SK Foods.  Because Salyer was an officer and director of both SK Foods and SK PM Corporation, his actions as a control person were required to adhere to the established fiduciary relationship. Salyer's admissions, together with the undisputed events described above, show that Salyer breached his fiduciary duties owed to SK Foods.  Each event described above constitutes a separate instance of a breach of those fiduciary duties.  There is no genuine issue of

material fact, especially considering that Salyer confessed to crimes involving severe breaches of fiduciary duty, including the use of funds belonging to SK Foods for personal matters.

The final element for a claim asserting breaches of fiduciary duty is damages.  The plaintiff requests damages in the amount of $35,898,725.  In support of that figure, the plaintiff relies on an earlier-filed declaration of the former Chief Financial Officer of SK Foods, Shondale Seymour, which provides testimony regarding payments and transfers made by SK Foods at the relevant times.  Upon reviewing the record, the court is satisfied that the plaintiff has provided competent evidence that the aggregate amount of damages resulting from Salyer's multiple breaches of fiduciary duty is $35,898,725.

<u>Conclusion</u>

For the reasons stated, the plaintiff's motion will be granted by minute order and BMO is to submit a form of judgment consistent with the court's ruling.

No appearance is necessary.

finally determine the claims herein.

### Summary Judgment Standard

Summary judgment is appropriate when there exists "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), incorporated herein by FED. R. BANKR. P. 7056. The Supreme Court discussed the standards for summary judgment in a trilogy of cases: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); and <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). In a motion for summary judgment, the moving party bears the initial burden of persuasion in demonstrating that no issues of material fact exist. <u>Anderson</u>, 477 U.S. at 255. A genuine issue of material fact exists when the trier of fact could reasonably find for the non-moving party. <u>Id.</u> at 248. The court may consider pleadings, depositions, answers to interrogatories, and any affidavits. <u>Celotex</u> at 323. To demonstrate the presence or absence of a genuine dispute, a party must cite to specific materials in the record, or submit an affidavit or declaration by a competent witness based on personal knowledge. <u>See</u> FED. R. CIV. P. 56(c)(1), (4). Where the movant bears the burden of persuasion as to the claim, it must point to evidence in the record that satisfies its claim. <u>Anderson</u>, 477 U.S. at 252. Once the moving party has met its initial burden, the non-moving party must show specific facts demonstrating the existence of genuine issues of fact for trial. <u>Id.</u> at 256.

### Salyer Failed to Respond to the Plaintiff's Requests for Admissions

Salyer did not respond to the plaintiff's requests for admission; the consequence of this omission is that the defendant has admitted the matters for which the requests were sought. Pursuant to FED. R. CIV. P. 36(a)(3), incorporated herein by FED. R. BANKR. P. 7036, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). Moreover, "[a] matter admitted under [Rule 36] is conclusively established . . . ." FED. R. CIV. P. 36(b).

Salyer did not respond to any of the plaintiff's requests for admission, nor has he sat for a noticed deposition in this matter or produced any responses to other discovery requests. Accordingly, the defendant has admitted the facts set forth in the plaintiff's requests for admission, and therefore, such facts are conclusively established in this proceeding.

### Salyer Breached Fiduciary Duties Owed to SK Foods

On January 11, 2010, the trustee filed a complaint for breach of

**2 PAGES**

1    Todd J. Dressel (State Bar No. 220812)
     CHAPMAN AND CUTLER LLP
2    595 Market Street, 26th Floor
     San Francisco, CA  94105
3    Telephone:     (415) 278-9088
     Facsimile:     (415) 541-0506
4    dressel@chapman.com
5
     James E. Spiotto (*Admitted Pro Hac Vice*)
6    Ann E. Acker (*Admitted Pro Hac Vice*)
     James M. Heiser (*Admitted Pro Hac Vice*)
7    CHAPMAN AND CUTLER LLP
     111 West Monroe Street
8    Chicago, IL  60603
     Telephone:     (312) 845-3000
9    Facsimile:     (312) 516-1900
10   spiotto@chapman.com
     acker@chapman.com
11   heiser@chapman.com
12   Attorneys for Bank of Montreal, as Administrative Agent

13                **UNITED STATES BANKRUPTCY COURT**
                   **EASTERN DISTRICT OF CALIFORNIA**
14                       **SACRAMENTO DIVISION**

| | |
|---|---|
| 15  In re:| Bankruptcy Case No.  09-29162-D-11 |
| 16  SK FOODS, L.P., a California limited partnership, *et al.*, | Chapter 11 |
| 17                           Debtors. | |
| 18  BANK OF MONTREAL, as Administrative Agent, successor by Assignment to Debtors SK Foods, L.P. and RHM Industrial Specialty Foods, Inc., a California corporation, d/b/a Colusa County Canning Co., | Adversary Proceeding No. 10-2015  DCN:  TJD-003  JUDGMENT AGAINST DEFENDANTS FREDERICK SCOTT SALYER AND THE SCOTT SALYER REVOCABLE TRUST |
| 19 | |
| 20 | |
| 21                           Plaintiff, | |
| 22                    v. | |
| 23  SALYER, *et al.*, | |
| 24                           Defendants. | |
| 25 | |
| 26 | |

27                                      JUDGMENT AGAINST DEFENDANTS FREDERICK
                                        SCOTT SALYER AND THE SCOTT SALYER
28                                      REVOCABLE TRUST

RECEIVED
June 13, 2013
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004845245

Pursuant to Federal Rules of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056, due notice having been given, and the Court having granted BMO's Motion for Summary Judgment Against Defendants Frederick Scott Salyer and the Scott Salyer Revocable Trust (the "*Motion*") by ruling dated June 5, 2013 [Dkt. No. 335] and Minute Order dated June 6, 2013 [Dkt. No. 339],

IT IS HEREBY ORDERED AND ADJUDGED that:

A.      Final Judgment is hereby entered in favor of Plaintiff, Bank of Montreal, Chicago Branch, as Administrative Agent, successor by assignment to the duly acting Chapter 11 Trustee, Bradley D. Sharp, and against Defendants Frederick Scott Salyer and the Scott Salyer Revocable Trust, jointly and severally, in the amount of $35,898,725.

B.      Post-judgment interest at the legal rate shall accrue; and

C.      This Court shall retain jurisdiction to enforce the provisions of this judgment.

Dated:  June 17, 2013

_____
Robert S. Bardwil, Judge
United States Bankruptcy Court

JUDGMENT AGAINST DEFENDANTS FREDERICK
SCOTT SALYER AND THE SCOTT SALYER
REVOCABLE TRUST

18

FORM EDC5564ap Notice of Transfer of Appeal to the U.S. District Court for the Eastern District of California (v.5.13)   10–02015 – D – 0

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

**Robert T Matsui United States Courthouse**
**501 I Street, Suite 3–200**
**Sacramento, CA 95814**

(916) 930–4400
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM



## NOTICE OF TRANSFER OF APPEAL TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SK Foods, L.P.<br><br>Debtor(s). | **Bankruptcy Case No.**<br><br>09–29162 – D – 11 |
| Bradley D. Sharp<br>et al.<br><br>Plaintiff(s),<br><br>v.<br><br>Scott Salyer<br>et al.<br><br>Defendant(s). | **Adversary Proceeding No.**<br><br>10–02015 – D<br><br>**DCN:**   TJD–3 |

A Notice of Appeal in this matter was filed by Scott Salyer And The Scott Salyer Revocable Trust with the Clerk of the U.S. Bankruptcy Court for the Eastern District of California on 7/1/13, together with appellant's separate written election to have the appeal heard by the district court.

**NOTICE IS HEREBY GIVEN** that by virtue of 28 U.S.C. §158, Fed.R.Bankr.P. 8001, and orders of the Judicial Council of the Ninth Circuit, the appeal has been transferred to the U.S. District Court for the Eastern District of California.

For additional information, you may contact the Clerk of the U.S. District Court for the Eastern District of California at 501 I Street, Suite 4–200, Sacramento, California 95814 ((916) 930–4000).

Dated:
7/2/13

For the Court,
Wayne Blackwelder , Clerk

**3 PAGES**
Kimberly A. Wright, Esq. (SBN 265899)
LAW OFFICE OF KIMBERLY A. WRIGHT, ESQ.
8174 Las Vegas Blvd., #472
Las Vegas, NV  89123
T: (424) 645-0140; F: (424) 645-0745
kaw@kawlawfirm.com

Attorney for Defendants,
Frederick Scott Salyer and the Scott Salyer Revocable Trust

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re: | **Case No.: 09-29162** |
| SK FOODS, L.P., a California limited Partnership, et al., | **Adv. Pro. No. 10-2015** |
| Debtor, | **NOTICE OF APPEAL OF ORDER GRANTING BANK OF MONTREAL'S MOTION FOR SUMMARY JUDGMENT AGAINST FREDERICK SCOTT SALYER AND THE SCOTT SALYER REVOCABLE TRUST** |
| BANK OF MONTREAL, as Administrative Agent, successor for Assignment to Debtors SK Foods, L.P. and RHM Industrial Specialty Foods, Inc., a California corporation, d/b/a Colusa County Canning Co. | |
| Plaintiff, | |
| v. | |
| SALYER, *et al*, | |
| Defendants. | |

NOTICE OF APPEAL -1-

22

Notice is hereby given that Defendants FREDERICK SCOTT SALYER and THE SCOTT SALYER REVOCABLE TRUST ("Defendants") in the above named case, hereby appeals under 28 U.S.C § 158(a)(1), or, in the alternative, 28 U.S.C § 158(a)(3) and 28 U.S.C § 158(c)(1)(a), from the Order Granting Bank of Montreal's Motion for Summary Judgment entered on June 17, 2013.  A true and correct copy of the Final Judgment entered on June 17, 2013, is attached hereto as Exhibit "A".  A true and correct copy of the Order Granting Bank of Montreal's Motion for Summary Judgment Against Defendants entered on June 5, 2013 is attached hereto as Exhibit "B".

The names of the parties to the Order Granting Bank of Montreal's Motion for Summary Judgment Against Defendants being appealed, and the names, addresses and telephone numbers of their attorneys are listed in the attached appendix.

RESPECTFULLY SUBMITTED,

Dated: July 1, 2013                    By: s/  *Kimberly A. Wright, Esq.*
                                       Kimberly A. Wright, Esq.
                                       Law Office of Kimberly A. Wright, Esq.
                                       Attorney for Defendants

## APPENDIX TO NOTICE OF APPEAL

**Counsel to Plaintiff Bradley D. Sharp,**
**Chapter 11 Trustee**
Kevin Coleman – kcoleman@schnader.com
Michael Carlson – mcarlson@schnader.com
SCHNADER HARRISON SEGAL & LEWIS
LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104
Telephone (415) 364-6700

**Counsel to Creditor's Committee**
Jamie Dreher – jdreher@downeybrand.com
DOWNEY BRAND
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone (916) 444-1000

**Counsel to Bank of Montreal**
Todd J. Dressel – dressel@chapman.com
CHAPMAN & CUTLER LLP
595 Market St., 26th Floor
San Francisco, California 94105
415-278-9088

FORM EDC5564ap Notice of Transfer of Appeal to the U.S. District Court for the Eastern District of California (v.5.13)

10–02015 – D – 0

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

**Robert T Matsui United States Courthouse**
**501 I Street, Suite 3–200**
**Sacramento, CA 95814**

(916) 930–4400
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM



## NOTICE OF TRANSFER OF APPEAL TO THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SK Foods, L.P.<br><br>Debtor(s). | **Bankruptcy Case No.**<br><br>09–29162 – D – 11 |
| Bradley D. Sharp<br>et al.<br><br>Plaintiff(s),<br><br>v.<br><br>Scott Salyer<br>et al.<br><br>Defendant(s). | **Adversary Proceeding No.**<br><br>10–02015 – D<br><br>**DCN:**   TJD–3 |

A Notice of Appeal in this matter was filed by Scott Salyer And The Scott Salyer Revocable Trust with the Clerk of the U.S. Bankruptcy Court for the Eastern District of California on 7/1/13, together with appellant's separate written election to have the appeal heard by the district court.

**NOTICE IS HEREBY GIVEN** that by virtue of 28 U.S.C. §158, Fed.R.Bankr.P. 8001, and orders of the Judicial Council of the Ninth Circuit, the appeal has been transferred to the U.S. District Court for the Eastern District of California.

For additional information, you may contact the Clerk of the U.S. District Court for the Eastern District of California at 501 I Street, Suite 4–200, Sacramento, California 95814 ((916) 930–4000).

Dated:
7/2/13

For the Court,
Wayne Blackwelder , Clerk

25

**2 PAGES**
Kimberly A. Wright, Esq. (SBN 265899)
LAW OFFICE OF KIMBERLY A. WRIGHT, ESQ.
8174 Las Vegas Blvd., #472
Las Vegas, NV  89123
T: (424) 645-0140; F: (424) 645-0745
kaw@kawlawfirm.com

Attorney for Defendants,
Frederick Scott Salyer and the Scott Salyer Revocable Trust

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re: | **Case No.: 09-29162-D-11** |
| SK FOODS, L.P., a California limited Partnership, et al., | **Adv. Pro. No. 10-2015** |
| Debtor, | **DC No. TJD-003** |
| | **STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY THE DISTRICT COURT UNDER 28 U.S.C. SECTION 158(c)(1)** |
| BRADLEY D. SHARP, Chapter 11 Trustee, | |
| Plaintiff, | |
| v. | |
| SALYER, *et al*, | |
| Defendants. | |

Pursuant to Federal Rule of Bankruptcy Procedure 8001(e), Defendants, FREDERICK SCOTT SALYER and the SCOTT SALYER REVOCABLE TRUST (collectively "Defendants"), in the above named case, elect that Defendants' appeal of the Order Granting Summary Judgment entered on June 17, 2013 by the Honorable Judge Bardwil be heard in the District Court under 28 U.S.C. § 158(c)(1) instead of the Bankruptcy Appellate Panel.

RESPECTFULLY SUBMITTED,

Dated: July 1, 2013                    By: s/  *Kimberly A. Wright, Esq.*
                                       Kimberly A. Wright, Esq.
                                       Law Office of Kimberly A. Wright, Esq.
                                       Attorney for Defendants

ELECTION TO TRANSFER -2-

APPEAL, ADVPEND, DirApl

# U.S. Bankruptcy Court [LIVE−CM 5.1]
## Eastern District of California (Sacramento)
## Adversary Proceeding #: 10−02015

*Assigned to:* Hon. Robert S. Bardwil                    *Date Filed:* 01/11/10
*Lead BK Case:* 09−29162
*Lead BK Title:* SK Foods, L.P.
*Lead BK Chapter:* 11
*Demand:*
  *Nature[s] of Suit:*   02 Other (e.g. other actions that would have been brought in state court if unrelated to
                         bankruptcy)

*Plaintiff*
−−−−−−−−−−−−−−−−−−−−−−−−
**Bradley D. Sharp**                    represented by **Natalie R. Bush Lents**
                                        1 Montgomery St #2200
                                        San Francisco, CA 94104
                                        415−364−6771
                                        *LEAD ATTORNEY*

                                        **Kevin W. Coleman**
                                        One Montgomery St ##2200
                                        San Francisco, CA 94104
                                        415−364−6700
                                        *LEAD ATTORNEY*

                                        **Gregory C. Nuti**
                                        One Montgomery Street, Suite 2200
                                        San Francisco, CA 94104
                                        415−364−6700
                                        *LEAD ATTORNEY*

*Plaintiff*
−−−−−−−−−−−−−−−−−−−−−−−−
**RHM Industrial Specialty Foods, Inc.**   represented by **Gregory C. Nuti**
*dba* **Colusa County Canning Co.**                    (See above for address)
                                        *LEAD ATTORNEY*

*Plaintiff*
−−−−−−−−−−−−−−−−−−−−−−−−
**Bank of Montreal**                    represented by **Todd J. Dressel**
                                        595 Market St 26th Fl
                                        San Francisco, CA 94105
                                        415−278−9088
                                        *LEAD ATTORNEY*

                                        **James M. Heiser**
                                        111 W Monroe St
                                        Chicago, IL 60603−4080
                                        *LEAD ATTORNEY*

1

V.

*Defendant*
––––––––––––––––––––––

**Scott Salyer**                    represented by   **Steven H. Felderstein**
                                                     400 Capitol Mall #1750
                                                     Sacramento, CA 95814
                                                     916–329–7400
                                                     *TERMINATED: 01/17/2013*
                                                     *LEAD ATTORNEY*

                                                     **Holly L. Hostrop**
                                                     1588 S Cerritos Dr
                                                     Palm Springs, CA 92264
                                                     760–420–7779
                                                     *TERMINATED: 01/17/2013*
                                                     *LEAD ATTORNEY*

                                                     **Malcolm S. Segal**
                                                     770 L St #1440
                                                     Sacramento, CA 95814
                                                     916–441–0828
                                                     *TERMINATED: 01/17/2013*
                                                     *LEAD ATTORNEY*

                                                     **Kelly A. Woodruff**
                                                     235 Montgomery St 30th Fl
                                                     San Francisco, CA 94104
                                                     (415) 954–4400
                                                     *TERMINATED: 01/17/2013*
                                                     *LEAD ATTORNEY*

                                                     **Kimberly A. Wright**
                                                     8174 S. Las Vegas Blvd.
                                                     Suite 109, #472
                                                     Las Vegas, NV 89123
                                                     424–645–0140
                                                     *LEAD ATTORNEY*

                                                     **Unknown at time of filing**
                                                     *TERMINATED: 01/17/2013*
                                                     *LEAD ATTORNEY*


*Defendant*
––––––––––––––––––––––––

**The Scott Salyer Revocable Trust**   represented by   **Steven H. Felderstein**
                                                        (See above for address)
                                                        *TERMINATED: 08/31/2011*
                                                        *LEAD ATTORNEY*

                                                        **Holly L. Hostrop**
                                                        (See above for address)
                                                        *TERMINATED: 01/17/2013*
                                                        *LEAD ATTORNEY*

                                                        **Malcolm S. Segal**
                                                        (See above for address)
                                                        *TERMINATED: 08/31/2011*
                                                        *LEAD ATTORNEY*

**Kelly A. Woodruff**
(See above for address)
*TERMINATED: 05/11/2012*
*LEAD ATTORNEY*

**Kimberly A. Wright**
(See above for address)
*LEAD ATTORNEY*

**Unknown at time of filing**
*TERMINATED: 03/24/2010*
*LEAD ATTORNEY*

*Defendant*
————————————————
**SKPM Corporation**                    represented by   **Holly L. Hostrop**
(See above for address)
*TERMINATED: 01/17/2013*
*LEAD ATTORNEY*

**James C. Keowen**
8001 Folsom Blvd, #100
Sacramento, CA 95826
916–386–8282
*TERMINATED: 08/31/2011*
*LEAD ATTORNEY*

**Larry J. Lichtenneger**
3850 Rio Rd #58
Carmel, CA 93923
831–626–2801
*TERMINATED: 05/19/2010*
*LEAD ATTORNEY*

**Andrea M. Miller**
8001 Folsom Blvd #100
Sacramento, CA 95826
(916) 386–8292
*TERMINATED: 08/31/2011*
*LEAD ATTORNEY*

**Kelly A. Woodruff**
(See above for address)
*TERMINATED: 05/11/2012*
*LEAD ATTORNEY*

**Kimberly A. Wright**
(See above for address)
*LEAD ATTORNEY*

**Unknown at time of filing**
*TERMINATED: 03/24/2010*
*LEAD ATTORNEY*

*Creditor Committee*
————————————————
**Official Committee Of Unsecured Creditors**    represented by   **Jamie P. Dreher**
621 Capitol Mall 18th Fl
Sacramento, CA 95814

(916) 444–1000
*LEAD ATTORNEY*

| Filing Date | # | | Docket Text | Doc. Locator ID |
|---|---|---|---|---|
| 07/01/2013 | | 356 | Notice of Appeal [TJD–3] filed by Defendants Scott Salyer, The Scott Salyer Revocable Trust Re: 347 Judgment (Fee Paid $298) (stps) (Entered: 07/02/2013) | 16198641 |
| 07/01/2013 | | 357 | Statement of Election to have Appeal heard by U.S. District Court filed by Defendants Scott Salyer, The Scott Salyer Revocable Trust Re: 356 Notice of Appeal [TJD–3] (stps) (Entered: 07/02/2013) | 16198664 |
| 07/01/2013 | | 358 | Exhibit(s) Re: 356 Notice of Appeal [TJD–3] (stps) (Entered: 07/02/2013) | 16198677 |
| 07/01/2013 | | 359 | Exhibit(s) Re: 356 Notice of Appeal [TJD–3] (stps) (Entered: 07/02/2013) | 16198686 |
| 07/02/2013 | | | Appeal Fee Paid ($298.00, Receipt Number: 2–13–14040) (auto) (Entered: 07/02/2013) | |
| 07/02/2013 | | 360 | Notice of Transfer of Appeal to U.S. District Court Re: 356 Notice of Appeal (stps) (Entered: 07/02/2013) | 16198733 |
| 07/02/2013 | | 361 | Transmittal to District Court in Sacramento Re: 356 Notice of Appeal (stps) (Entered: 07/02/2013) | 16198771 |
| 07/02/2013 | | 362 | Certificate of Notice Re: 356 Notice of Appeal, 360 Notice of Transfer of Appeal to U.S. District Court (stps) (Entered: 07/02/2013) | 16198927 |
| 07/02/2013 | | 363 | Copy of Document as transmitted to BNC for service. (Attachments: # 1 Main Document # 2 Main Document) (stps) (Entered: 07/02/2013) | 16199289 |