1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  SK FOODS, LP,                               Civ. No.  S-13-1326 KJM

12              Debtor,

13                                              ORDER
    _____

14  BANK OF MONTREAL,

15                  Plaintiff/Appellee,

16          v.

17  SCOTT SALYER, et al.,

18                  Defendants/Appellants.

19

20          Plaintiff /Appellee Bank of Montreal has filed a motion to dismiss this appeal for

21  lack of prosecution and Attorney Kimberly Wright has filed a motion to withdraw as counsel for

22  Scott Salyer and the Salyer Revocable Trust.  Appellants have not responded to either motion.

23  The court submitted both motions without argument and now GRANTS the motion to dismiss

24  and DENIES the motion to withdraw as moot.

25  I.  BACKGROUND

26          On July 2, 2013, appellants Frederick Scott Salyer and the Scott Salyer Revocable

27  Trust (collectively "Salyer") filed a notice of appeal of the bankruptcy court's order granting a

28  /////

                                              1

1   motion for summary judgment filed by plaintiff/appellee Bank of Montreal ("Bank"); Salyer

2   elected to have the district court hear the appeal.  ECF No. 1.

3       In its order granting the Bank's motion for summary judgment, the bankruptcy

4   judge refused to consider Salyer's opposition because it was filed late and said that "[a]fter

5   pleading with the court for extensions in various other matters, Ms. Wright has exhausted the

6   patience of the court."  ECF No. 1 at 9.

7       On August 2, 2013, the Bankruptcy Court certified that the record on appeal was

8   complete and the Clerk of this Court issued a briefing schedule.  ECF Nos. 3, 4-1 at 1.  According

9   to that schedule, Salyer's brief and excerpt of record was due September 3, 2013.  ECF No. 4-1 at

10  1.

11      On September 18, 2013, Salyer filed a motion for a thirty day extension of time to

12  file the opening brief, which the court granted.  ECF Nos. 5, 9.  Salyer has not filed his opening

13  brief and excerpts of record nor sought a further extension of time.

14      On October 25, 2013, the Bank filed the instant motion to dismiss the appeal for

15  lack of prosecution.  ECF No. 10.

16      On November 14, 2013, Attorney Wright filed a motion to withdraw as counsel.

17  II.  THE MOTION TO DISMISS FOR FAILURE TO PROSECUTE

18      Under Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure, an

19  appellant's opening brief shall be filed "within 14 days after entry of the appeal on the docket."

20  Under Rule 8001(a), "[a]n appellant's failure to take any step other than timely filing a notice of

21  appeal does not affect the validity of the appeal, but is grounds for such action as the district court

22  . . . deems appropriate, which may include dismissal of the appeal."

23      The Ninth Circuit has said that a procedural violation of a bankruptcy rule may

24  justify the dismissal of an appeal but also said the district court should consider alternative

25  sanctions short of dismissal.  *Fitzsimmons v. Nolden* (*In re Fitzsimmons*), 920 F.2d 1468, 1472

26  (9th Cir. 1990).  The failure to file an opening brief is a nonjurisdictional procedural error.

27  *Matter of Scheri*, 51 F.3d 71, 74 (7th Cir. 1995).

28  /////

2

1    In this case, the bankruptcy court has already chided Salyer's counsel for her

2    dilatory tactics and sanctioned counsel by refusing to consider her untimely opposition to the

3    Bank's motion for summary judgment.  ECF No. 1 at 9.  Thereafter, this court granted Salyer's

4    untimely motion for an extension of time, warning counsel that no further extensions would be

5    granted absent a showing of good cause.  ECF No. 9.  Counsel neither sought another extension

6    nor filed the opening brief.  In light of counsel's dilatory behavior in the bankruptcy court and the

7    lack of prosecution in this court, it is unlikely that any alternative sanction would produce

8    compliance, particularly in light of counsel's motion to withdraw and Salyer's failure to respond

9    to that motion.

10    IT IS THEREFORE ORDERED that:

11    1.  The motion to dismiss the appeal for failure to prosecute, ECF No. 10, is

12    granted; and

13    2.  Attorney Kimberly Wright's motion to withdraw as counsel for this appeal is

14    denied as moot.

15    Dated:  December 13, 2013.

16
17
18    UNITED STATES DISTRICT JUDGE
19
20
21
22
23
24
25
26
27
28

3